**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**WILDEARTH GUARDIANS**
516 Alto St
Santa Fe, NM 87501

Plaintiff,

vs.

**UNITED STATES OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT,**
1951 Constitution Avenue NW
Washington, DC 20240

Defendant.

Case No. 1:17-cv-758

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

**1.** The Defendant United States Office of Surface Mining Reclamation and Enforcement ("OSMRE") has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* by failing to provide a determination on Plaintiff WildEarth Guardians' FOIA request within the time limits provided by the FOIA and by failing to respond to WildEarth Guardians' appeal of that failure. This lawsuit requests an order that declares that OSMRE has violated the FOIA by withholding documents responsive to WildEarth Guardians' request, enjoins the agency to immediately provide a determination on WildEarth Guardians' FOIA request and appeal, and provides WildEarth Guardians with the files it has requested.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

**2.** This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA.

**3.** Venue is appropriate under 5 U.S.C. § 552(a)(4)(B), 703, and 28 U.S.C. § 1391.

**4.** Declaratory relief is appropriate under 28 U.S.C. § 2201.

**5.** Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**6.** Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. WildEarth Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 200,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

**7.** Specifically, WildEarth Guardians submitted a FOIA request for records related to the federal approval of coal mining at the Spring Creek coal mine located in southeastern Montana. The failure of OSMRE to make a determination on our FOIA request and provide responsive documents in a timely manner harms WildEarth Guardians and its members by denying them records and information to enable them to better understand and scrutinize the approval of mining at Spring Creek.

**8.** Defendant U.S. OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT is a federal agency within the U.S. Department of the Interior. It is in possession and control of the records sought by Plaintiff, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

**9.** On November 7, 2016, Plaintiff WildEarth Guardians submitted a Freedom of Information Act request to OSMRE. The FOIA request sought information pertaining to the October 3, 2016, Spring Creek mining plan approval document issued to Cloud Peak Energy.

**10.** On November 17, 2016, OSMRE acknowledged receipt of WildEarth Guardians' FOIA request. OSMRE acknowledged that it had received WildEarth Guardians' FOIA request on November 7, 2016.

**11.** OSMRE was required to make a determination on WildEarth Guardians' FOIA request by December 7, 2016. 5 U.S.C. § 552(a)(6)(A)(i).

**12.** On December 8, 2016, WildEarth Guardians emailed OSMRE noting that the 20 workday deadline had passed and inquiring whether a response was on its way.

**13.** On December 9, 2016, OSMRE responded that there had been a delay because of "some confusion with a new employee and promotions" and asked whether WildEarth Guardians "would be willing to give us until the 21st of December for receiving the documents back."

**14.** On December 12, 2016, WildEarth Guardians responded that "we could agree to receiving the FOIA response by the 21st [of December]."

**15.** On December 21, 2016, WildEarth Guardians contacted OSMRE to "follow up to confirm that we will be receiving a response to our FOIA request today."

**16.** The same day, December 21, 2016, OSMRE responded that "I will be sending a partial release on a thumb drive sent to your office." Later that day, OSMRE wrote again to WildEarth Guardians indicating that "there have been some technical difficulties with a couple of the files," but that the files would be released "at least by the end of the week."

**17.** The same day, December 21, 2016, WildEarth Guardians wrote to OSMRE for clarification, inquiring, "so we will get a full response by the end of the week or just a partial response? If just a partial response, is there a date by which OSMRE expects to respond in full?"

**18.** That same day, December 21, 2016, OSMRE responded, "I am at the mercy of the holidays and office of solicitor for the full release."

**19.** On December 23, 2016, OSMRE partially responded to WildEarth Guardians' FOIA request. OSMRE provided WildEarth Guardians with 179 records responsive to its request. OSMRE indicated that "[s]ubsequent releases are forthcoming and will be forwarded to you as expeditiously as possible."

**20.** On January 12, 2017, WildEarth Guardians appealed OSMRE's failure to provide a determination on their FOIA request. WildEarth Guardians submitted the appeal via electronic mail.

**21.** OSMRE was required to make a determination resolving WildEarth Guardians' appeal by February 10, 2017. 5 U.S.C. § 552(a)(6)(A)(ii).

**22.** The FOIA requires an agency to issue a determination resolving a FOIA request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

**23.** OSMRE has not yet issued a determination on WildEarth Guardians' request.

**24.** The FOIA requires an agency to issue a determination resolving a FOIA appeal within twenty business days from the date of receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

**25.** OSMRE has not yet issued a determination resolving WildEarth Guardians' appeal.

**26.** WildEarth Guardians has fully exhausted all administrative remedies required by the FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DETERMINATION DEADLINE VIOLATION

**27.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**28.** Plaintiff has a statutory right to have OSMRE process its FOIA request in compliance with the FOIA.

**29.** Plaintiff's rights were violated when OSMRE unlawfully failed to respond to Plaintiff's request with a determination within the deadline imposed by the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**30.** Based on the nature of Plaintiff's organizational activities, it will undoubtedly continue to employ the FOIA's provisions in information requests to OSMRE in the foreseeable future.

**31.** Plaintiff's organizational activities will be adversely affected if Defendant OSMRE is allowed to continue violating the FOIA's response deadlines as it has in this case.

**32.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant OSMRE will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**33.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to the FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

## COUNT 2
## VIOLATION OF THE FREEDOM OF INFORMATION ACT: APPEAL RESPONSE DEADLINE VIOLATION

**34.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**35.** Plaintiff has a statutory right to have OSMRE process its FOIA request in compliance with the FOIA.

**36.** Plaintiff's rights were violated when OSMRE unlawfully failed to respond to Plaintiffs' appeal within the determination deadline imposed by the FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

**37.** Based on the nature of Plaintiff's organizational activities, it will undoubtedly continue to employ the FOIA's provisions in information requests to OSMRE in the foreseeable future.

**38.** Plaintiff's organizational activities will be adversely affected if Defendant OSMRE is allowed to continue violating the FOIA's response deadlines as it has in this case.

**39.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant OSMRE will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**40.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to the FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**41.** Declare that OSMRE violated the FOIA by failing to make a timely determination on Plaintiff's records request;

**42.** Declare that OSMRE violated the FOIA by failing to make a timely determination on Plaintiff's FOIA appeal;

**43.** Direct by injunction that Defendant immediately make a determination on Plaintiff's records request and provide Plaintiff with the records responsive to its request by a date certain;

**44.** Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

**45.** Grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this April 25, 2017.

*/s/ John R. Mellgren*
John R. Mellgren (D. D.C. Bar # OR0002)
Western Environmental Law Center
1216 Lincoln Street

Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

*/s/ Laura H. King*
Laura H. King (MT Bar No. 13574)
(pro hac vice application pending)
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 204-4852
king@westernlaw.org

Shiloh S. Hernandez (MT Bar No. 9970)
(pro hac vice application pending)
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 204-4861
hernandez@westernlaw.org

*Attorneys for Plaintiffs*